H. W. Smith *v.* Mr. and Mrs. Porter.—Wm. Kelly, Tutor, Intervenor.

Where letters of tutorship set forth that the party had "complied with the requisitions of the law to entitle him to letters of tutorship," it is evidence that bond had been given.

The origin of the title and the relationship of the vendor and vendee are matters of genealogy ; which is a proper subject of parol evidence.

APPEAL from the Sixth District Court of New Orleans, *Howell, J. Durant & Hornor,* for plaintiff and appellant. *Bradford & Lancaster,* for defendants. *Race & Foster,* for intervenor.

Buchanan, J. Plaintiff claims a slave boy named John, as his property by virtue of a purchase made of one Mrs. Ealer. Mrs. Ealer purchased of one of the defendants, Mrs. Porter. The suit was brought by sequestration of the slave in possession of defendants. William Kelly, dative tutor of two minor children of a former marriage of the defendant Mrs. Porter with James S. Jones, intervenes and claims that the slave John belongs to his wards by inheritance from their father. The first question which the record presents is raised by a bill of exceptions of plaintiff to the admissibility of a transcript of mortuary proceedings in Jones' succession, on the ground that said transcript is not complete. It consists of a petition and order for a family meeting to appoint a dative tutor to the minors; the proces-verbal of deliberations of the family meeting, and judgment of homologation thereof; an inventory; letters of dative tutorship to the intervenor; and a petition and decree for the recognition of the minors as the heirs of James S. Jones. It seems that this record is sufficiently complete for the purpose for which it is offered, namely, to establish the quality of tutor and of heirs in the intervenor, and the minors represented by him. There is another objection stated in this bill of exceptions: that it does not appear the tutor gave bond, as required by law. But the letters of tutorship set forth that the intervenor had "complied with the requisitions of the law to entitle him to letters of tutorship." This formula implies that bond had been given.

It is proved by two witnesses that the mother of the slave John for-

merly belonged to the grandmother of James S. Jones and Robert O.    SMITH
Jones, his brother.  Robert O. Jones made a title to his brother.  A bill    *v.*
of exceptions was reserved by plaintiff to the depositions of these wit-    PORTER.
nesses, as establishing title to a slave by parol.  But a written title is pro-
duced in connection with them, to wit, a notarial sale from Robert to
James Jones; and the origin of the title, and the relationship of the ven-
dor and vendee, are matters of genealogy, which is a proper subject of
parol evidence; and is most generally, if not always, only susceptible of
proof by parol.

We agree with the District Judge, that the slave John was the separate
estate of James S. Jones; and that plaintiff's vendor acquired no title by
the apparent sale made by the defendant to her.  It is therefore unneces-
sary to examine the grounds of the argument of intervenor's counsel
against the reality of that sale.

Judgment affirmed, with costs.